# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| SHARKNINJA OPERATING LLC and SHARKNINJA SALES COMPANY,<br><br>*Plaintiffs,*<br>v.<br><br>SHENZHEN JINCHANNEL INNOVATION TECHNOLOGY CO., LTD. and ZHONGSHAN AOUBALL ELECTRIC APPLIANCES CO., LTD.,<br><br>*Defendants.* | CASE NO.: 1:25-cv-13624<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiffs SharkNinja Operating LLC and SharkNinja Sales Company (collectively, "SharkNinja") allege as follows against Defendants Shenzhen JinChannel Innovation Technology Co., Ltd. and Zhongshan Aouball Electric Appliances Co., Ltd. (collectively, "Defendants").

1. This is an action for patent infringement arising from Defendants' making, using, offering for sale, selling, and importing into the United States unauthorized products that infringe SharkNinja's design patent. SharkNinja owns U.S. Patent No. D1,101,481 (the "'481 Patent").

2. The '481 Patent is valid, subsisting, and in full force and effect. SharkNinja is the owner and lawful assignee of all rights, title, and interest in the '481 Patent, which was duly issued by the United States Patent and Trademark Office. A true and correct copy of the '481 Patent is attached as **Exhibit A**.

3. Defendants directly and indirectly import, develop, design, manufacture, distribute, market, offer for sale, and sell products that infringe the '481 Patent in the United States, including in this Judicial District, and they purposefully direct infringing activities to this District. Defendants conduct their marketing and sales activities through fully interactive e-commerce storefronts on major online marketplaces (collectively, "Internet Stores").

1

4. SharkNinja's Ninja CRISPi Portable Air Fryer (the "Ninja CRISPi") incorporates the ornamental designs claimed in the '481 Patent. Defendants' portable air fryer products sold via Internet Stores also embodies those claimed ornamental designs and is an inferior imitation of the Ninja CRISPi.

5. As a result of Defendants' infringing actions, SharkNinja has suffered and continues to suffer irreparable harm from the loss of its exclusive rights to make, use, sell, offer for sale, and import products embodying the patented design, and therefore seeks injunctive relief.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because SharkNinja asserts claims arising under the patent laws of the United States, including 35 U.S.C. §§ 1 et seq., 271, 283, 284, 285, and 289.

7. Defendants are subject to personal jurisdiction in this District because they purposefully direct business activities to the United States, including to the Commonwealth of Massachusetts and this Judicial District, through fully interactive e-commerce storefronts accessible to consumers in Massachusetts.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendants have committed acts of infringement in this District and transact business here. Venue is also proper as to Defendants under 28 U.S.C. § 1391(c)(3).

## THE PLAINTIFF

9. SharkNinja Operating LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 89 A Street, Suite 100, Needham, Massachusetts 02494. SharkNinja is the registered applicant and assignee of the SharkNinja Patents. SharkNinja

Sales Company is a wholly owned subsidiary of SharkNinja Operating LLC. SharkNinja Sales Company is an implied licensee of the '481 Patent.

10. SharkNinja began three decades ago with a mission to provide efficient, user-friendly, and affordable household appliances. From its start as a one-person company, SharkNinja has grown into a market leader and global brand with more than twenty categories of home appliance products, including floorcare, environmental products such as fans and purifiers, kitchen appliances, and innovative portable air fryer designs. SharkNinja now has eight offices and thousands of employees in the United States.

11. SharkNinja has a well-known history as a pioneer and innovator. It devotes significant resources to research and development, including a team of more than 800 design engineers focused on developing new products and features to improve and transform household appliances. This approach has been overwhelmingly successful: SharkNinja has been awarded more than 4,500 patents on its home-appliance technologies and designs, and the SharkNinja Patents asserted in this action reflect that history of innovation.

12. SharkNinja is involved in the sale and distribution of the Ninja CRISPi and has been harmed by Defendants' infringing activities.

## THE NINJA CRISPi

13. This action concerns SharkNinja's intellectual property rights related to its "i" class of home appliances, and specifically the Ninja CRISPi, which brings innovative solutions to home kitchens. SharkNinja began the "i" class with the Ninja FOODi line of multi-cookers. Its innovation continued with the Ninja CREAMi, an ice-cream maker launched in August 2021 that drew significant consumer and press attention for allowing users to create ice-cream–style desserts from nearly any ingredient. SharkNinja expanded the lineup with the Ninja SPEEDi, a 10-in-1

rapid cooker launched in March 2023, and the Ninja THIRSTi, a carbonated beverage maker released in July 2023. One of SharkNinja's most recent offerings in this lineup is the Ninja CRISPi, a portable air fryer that allows users to prepare, cook, serve, and store food in the same glass vessel using an ergonomic removable air-fryer pod.

14.     Launched on September 26, 2024, the Ninja CRISPi created a new portable air-fryer category for home consumers. Unlike prior countertop air fryers that use fixed drawer-style cooking baskets, the Ninja CRISPi reimagines the appliance entirely by allowing consumers to prepare food in a unique glass container and then cook it in that same container using a removable air-fryer pod that operates from the top. A uniquely designed base holds the glass container during cooking and allows consumers to handle it safely across all modes of use. Examples of the Ninja CRISPi are shown below:



*Ninja CRISPi air fryer and glass cooking container*     *Ninja CRISPi air fryer pod*

15.     Following its launch, the Ninja CRISPi gained a passionate consumer following, including numerous positive online reviews. Its success resulted from months of consumer research, engineering, development, and industrial design work by SharkNinja. SharkNinja holds

4

significant intellectual property rights relating to the innovations in the Ninja CRISPi, including the designs protected by the SharkNinja Patents.

16. SharkNinja is the official source of the Ninja CRISPi in the United States.

17. SharkNinja Operating LLC is the owner and lawful assignee of all right, title, and interest in the SharkNinja Patents.

18. The Ninja CRISPi embodies the ornamental designs depicted and claimed in the '481 Patent.

## THE '481 PATENT

19. SharkNinja has filed for and obtained patent protection for its technological developments and ornamental designs in the field of portable air fryers. The innovative ornamental designs claimed in the '481 Patent are the product of significant research, testing, and design efforts by SharkNinja's engineers.

20. The '481 Patent concerns air fryers. *See* **Ex. 1**. Specifically, it claims aspects of the ornamental design of an air fryer adapter, as shown in exemplary Figure 1 of the '481 Patent:



*'481 Patent, Figure 1*

21. The '481 Patent contributes to the success of the Ninja CRISPi, as the claimed air fryer size adapter captures the essence of the product and enables its portable, safe air-frying functionality for use on multiple different sized cooking containers, which drives the Ninja CRISPi's user-friendly, flexible, at-home applications.

22. SharkNinja recognized the importance and market value of the '481 Patent and has used the inventions claimed in the patent in the Ninja CRISPi.

23. SharkNinja has marked the Ninja CRISPi with the '481 Patent's number, including by stating on the product box that "[t]his product may be covered by one or more U.S. Patents. See www.sharkninja.com/patents for more information." That URL directs to the following marking:

**Ninja Crispi® Portable Air Fryer (FN Series)**
- 12,426,739
- D1,100,567
- D1,101,472
- D1,101,481

**THE DEFENDANTS**

24. Defendant Shenzhen JinChannel Innovation Technology Co., Ltd. ("JinChannel") is a limited liability company organized under the laws of China with a principal address at 1608, Chuangtou Bldg., No. 9 Tengfei Rd., Huanggekeng Community, Longcheng Street, Shenzhen, China 518000. Public records, including USPTO filings, indicate that JinChannel owns the pending "ARECOVAS" trademark in connection with various goods, including air fryers, under U.S. Serial No. 99489700, filed on November 11, 2025.

25. On information and belief, JinChannel is responsible for the U.S.-based distribution and online retail operations of Arecovas-branded products, and exercises ownership and operational control over the Arecovas brand and oversees the design, sourcing, and global

distribution of the accused products through Internet Stores such as Amazon.com. *See e.g.,* https://www.amazon.com/Arecovas-140-400%C2%B0F-Technology-Containers-Dishwasher/dp/B0FH73LMZ1 ("Sold by Arecovas").

26. Defendant Zhongshan Aouball Electric Appliances Co., Ltd. ("Aouball") is a limited liability company organized under the laws of China with a principal address at No.1, Wanrui Street, Nantou Town, Zhongshan City, Guangdong, China. *See e.g.,* https://m.aouball.com/page.html?id=2 ("Contact Us").

27. On information and belief, Aouball manufactures the Arecovas-branded air-fryer products at issue and directs their importation and distribution into the United States, including the products sold through the Internet Stores. For example, the Aouball manufacturer webpage on Alibaba.com shows the same air fryer design sold as "Arecovas" as one of Aouball's products:



https://aouball.en.alibaba.com/ *(excerpts, annotated)*

28. As another example, the Arecovas Portable Glass Air Fryer packaging includes an Intertek ETL compliance marking bearing the number "4009508," shown below. The User

Manual packaged with the Arecovas Portable Glass Air Fryer bears a model number "AR-AF001," also shown below (annotated).





8

29. A search on Intertek's Directory of Listed Products reveals that Aouball is the company associated with Arecovas products having the model number AR-AF001, shown below:



https://ramuk.intertekconnect.com/webclients/its/dlp/products.nsf/4c8700f3b75987a08525777700583333/71176e6e723f982a86258d26000ad2be?OpenDocument (*excerpt, annotated*)

30. As foreign entities, JinChannel and Aouball may be sued in any judicial district under 28 U.S.C. § 1391(c)(3), and it purposefully directs business activities toward the United States and this District through its U.S.-facing product lines and e-commerce channels.

31. On information and belief, each Defendant sells, offers to sell, distributes, or facilitates the sale of the accused Arecovas-branded air-fryer products to consumers in the United States, including in this District, through fully interactive e-commerce marketplaces and online storefronts accessible to Massachusetts residents.

32. On information and belief, Defendants operate as an integrated enterprise for the manufacture, importation, distribution, marketing, and sale of the accused Arecovas-branded air-fryer products in the United States.

33. As part of their coordinated commercial activities, Defendants sell at least one air-fryer product that bears a striking resemblance to the Ninja CRISPi and makes unauthorized use of the ornamental designs claimed in the '481 Patent (the "Accused Products").

34. An exemplary image of the Arecovas 4-in-1 Portable Glass Air Fryer (the "Arecovas 4-in-1"), taken from its Amazon.com listing, is shown below at left, with an image of the Ninja CRISPi at right for reference:



*Arecovas 4-in-1*      *Ninja CRISPi*

35. The "Fully Kitted" Arecovas 4-in-1 includes a size adapter that is strikingly similar in design to the Ninja CRISPi's size adapter:



10

**FIRST CLAIM FOR RELIEF**
*(Infringement of U.S. Patent No. D1,101,481)*

36. SharkNinja incorporates and realleges paragraphs 1 through 35 of this Complaint.

37. SharkNinja is the assignee of the '481 Patent, entitled "Air Fryer Adapter," with ownership of all substantial rights in the '481 Patent, including the rights to exclude others from practicing the patented design and to enforce, sue, and recover damages for infringement.

38. The '481 Patent is valid, enforceable, and was duly issued on November 11, 2025, from U.S. Patent Application No. 29/961,224, filed on September 4, 2024.

39. Defendants have made, used, offered to sell, sold, and/or imported into the United States air-fryer products that appropriate the patented ornamental design of the '481 Patent, and thus directly infringe the '481 Patent under 35 U.S.C. § 271(a), including in this Judicial District.

40. The Accused Products embody and appropriate the overall visual appearance and ornamental features of the Ninja CRISPi and, specifically, the size adapter claimed in the '481 Patent which is substantially the same in overall impression to the patented design.

41. For example, the Arecovas 4-in-1 size adapter bears a substantially similar overall ornamental appearance to the design claimed in the '481 Patent, as shown below:



| *'481 Patent, Figure 1* | *Arecovas 4-in-1* |



*'481 Patent, Figure 2*

*Arecovas 4-in-1*



*'481 Patent, Figure 4*

*Arecovas 4-in-1*

42. At a minimum, Defendants have had knowledge of the '481 Patent since the filing date of this Complaint. In addition, SharkNinja has provided constructive notice of the '481 Patent through its public patent-marking page (https://www.sharkninja.com/patents.html) since November 12, 2025.

43. SharkNinja has been damaged by Defendants' infringement and is entitled to all available remedies under 35 U.S.C. §§ 284–289.

## PRAYER FOR RELIEF

WHEREFORE, SharkNinja respectfully requests that the Court enter judgment in its favor and against Defendants, and award the following relief:

a. A judgment that Defendants have infringed the SharkNinja Patents under 35 U.S.C. § 271(a).

b. A preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, restraining Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from making, using, offering to sell, selling, or importing into the United States any products that embody, appropriate, or are colorably similar to the ornamental designs claimed in the SharkNinja Patents.

c. Such further and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), SharkNinja demands a trial by jury on all issues so triable.

Dated: December 1, 2025

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

*/s/ Emyr T. Remy*
Emyr T. Remy, (BBO# 704156)
One Federal Street, Suite 2620
Boston, MA 02110
(617) 531-1411
remy@shb.com

*Attorneys for Plaintiffs*
*SHARKNINJA OPERATING LLC and*
*SHARKNINJA SALES COMPANY*